RAFAELA JARAMILLO DE MATANZO, Plaintiff and Appellee, v. ANTONIO PILLADO PÉREZ, Defendant; FRANCISCA SCHRODER, Intervener and Appellant.

No. 6774. Argued April 9, 1935.—Decided April 11, 1935.

*Pedro Albizu Campos* and *A. Casanova Prats* for appellant. *J. M. Calderón* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appellee has moved that the appeal taken in this case be dismissed as frivolous. The motion was heard on April 1 of the present year, only the appellee being represented. While the questions raised by the motion were pending decision, on the 9th of that month the appeal was heard on the merits, and again only the appellee was represented. A decision upon the motion would have required the study which we shall now make of the merits of the case. Both will be decided by a single judgment.

The only error assigned by the appellant is as follows:

"The District Court of San Juan erred in denying the motion of the intervener appellant to vacate the judgment entered on March 13, 1934, dismissing the complaint in intervention and sustaining the complaint."

Let us examine the facts. The suit was begun on May 2, 1933, in the District Court of San Juan by a complaint filed by Rafaela Jaramillo, widow of Matanzo, against Antonio Pillado Pérez, for the recovery of a sum of money, wherein it was alleged in substance that by a public deed executed in 1928 the plaintiff sold to the defendant an optician's establishment for $1,200, payable in monthly installments of $50 each, and that defendant had paid $600 and was owing the other $600, which he had refused to pay. Judgment was demanded for the balance.

Francisca Schroder intervened in the suit, and substantially alleged that she was married to the defendant, at pre-

sent being separated from him, and that the suit was a conspiracy between the parties to conceal the properties of the conjugal partnership existing between the intervener and the defendant, and that in fact the partnership owed nothing to the plaintiff. The latter answered denying the allegations with respect to the conspiracy and with respect to the non-existence of the debt.

On March 13, 1934, the case was decided by the following judgment:

This case having come on for trial in the order of its setting on the general calendar of civil matters of this court, only the plaintiff appeared, represented by her counsel, J. M. Calderón, Esq. The allegations of the complaint were read and oral and documentary evidence introduced, and, the case having been submitted without argument, the court, upon the pleadings and the evidence presented, which in the opinion of the court satisfactorily establish the essential facts of the complaint, renders judgment in favor of the plaintiff and adjudges the defendant Antonio Pillado.Pérez to pay to the plaintiff Rafaela Jaramillo, widow of Matanzo, the sum of $600 and the costs of this proceeding, and dismisses the complaint in intervention. . . . ''

On April 3, 1934, the intervener moved the court to vacate the judgment, as follows:

''That the trial of the instant case was set for March 12, 1934, at nine o'clock in the morning;

''That on that day, at the hour named, the undersigned attorney appeared for the purpose of moving for the continuance of this suit until further setting, which he stated prior to the hour fixed for the hearing to Mr. Calderón, attorney for the plaintiff, for the reason that his client, the intervener in this suit, Mrs. Francisca Schroder, was on that day and had been for two days before confined to bed, suffering from a severe attack of grippe as a result of which she had a high fever during all that time;

''That about ten o'clock on the morning of the day set for the trial of this suit, the undersigned attorney asked the clerk of court, Mr. Héctor González Blanes, if the present suit would be heard on that day, and he, the clerk, stated to this attorney that there would not be time that day because the suit which was being tried was

long and would take all the time, in spite of which the undersigned attorney was at the court in the afternoon waiting for this case to be called, which it was not, as a result of which this attorney left the court for that day;

"That on the following day, about ten in the morning, more or less, this attorney appeared before this Hon. Court and the clerk informed him that the other party had secured a judgment in her favor due to the non-appearance of the intervener;

"That neither this attorney nor the intervener in this suit was notified either verbally or in writing, either by the clerk of this court or by the attorney for the plaintiff, that this case would be heard on the day on which the plaintiff presented her evidence, as a result of which this attorney, who was not prepared for trial, of which fact the other party had full knowledge, did not appear to ask for a continuance of the hearing;

"That the judgment obtained by the plaintiff in this suit was obtained by surprise, behind the back of the intervener, and without giving her an opportunity to defend herself in this action, wherein it is alleged in the complaint in intervention that the plaintiff and the defendant conspired to defraud the intervener of her conjugal property;

"That the intervener, in our opinion, has a good cause of action against the plaintiff and the defendant in this suit, as the undersigned attorney believes from the facts which his client has explained to him."

On June 6, 1934, the court decided the motion thus:

"The trial of this case was set for March 12, 1934, at nine o'clock in the morning. On that day another trial was being held which could not be finished before the 12th, for which reason this case was not called on for trial until the 13th of March. On that day only the plaintiff Rafaela Jaramillo, widow of Matanzo, appeared, represented by her counsel, J. M. Calderón. The intervener did not appear. After hearing the evidence of the plaintiff, the court rendered judgment on the same day, which was notified to the losing parties on the following day. On the 3rd day of the following April, the intervener filed a motion to vacate the judgment rendered, and as grounds for such motion she alleged (then follow the grounds set forth in the petition above quoted).

"A mere perusal of the grounds upon which the intervener's motion is based suffices to conclude that the same is without merit. In

the first place, the judgment was notified, as appears from the record, on March 14, and on April 3, twenty days after judgment was entered, the intervener's motion to vacate the judgment was filed. In the second place, the attorney for the intervener is not unaware, as none of the attorneys who practice before this District Court are unaware, that for more than three years it has been a rule of this court, with respect to civil calendars, that the general calendar of the matters to be heard during the following month is read monthly; that there are set for trial four cases during each of the first three days of the first three weeks of the month, the last week being left without settings, in order that the judge may decide during such time the cases which have been heard prior to that date; that this rule further provides that once a case has been set for trial, if the trial can not for any reason be had on the day fixed, it will be continued to the next day until all the trials set for the week in question have been had. So that if a trial can not be had on the Monday for which it is set because a prior case has taken its turn, then the case may be heard on the following day or when the case immediately preceding is finished.

"The attorney for the intervener, knowing as he undoubtedly knows this rule, was bound to be present when the case was called for trial and not to wait for the clerk or the opposing party to notify him, since neither the clerk nor the opposing party was obligated to do so, nor has it ever been a matter of practice to do so in this court."

In support of her position the intervener-appellant cites section 140 of the Code of Civil Procedure which provides, in part, as follows:

" . . . and also relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; . . .."

We have examined the record, and, taking into consideration what the intervener-appellant says in her brief, we do not think that it can be concluded that the court was bound under the circumstances to vacate its judgment.

In our view, the existence of surprise or excusable neglect can not be successfully set up.

The district court considered the petition with care. Its

order speaks for itself persuasively and convincingly. The trial could not have been a surprise for the intervener. The setting was not only made in accordance with the law and the rules of the court, but was known to the intervener. Her attorney was present in court and ought to have remained there personally or through some other representative. At least he ought to have filed with the clerk his written motion for a continuance, setting forth the grounds on which he relied, and he did nothing.

Under such adverse circumstances, it would have to be shown that the intervener's case was essentially so meritorious that justice required that the rights already acquired by the plaintiff in the ordinary course of the law be put aside to give the intervener a new opportunity. And upon this point the intervener confined herself to alleging in her motion that she had a good cause of action, when she could and ought to have referred in detail to the evidence upon which she was relying to show the truth of the essential allegations of her complaint regarding the conspiracy and the nonexistence of the debt. In her brief before this Supreme Court nothing is said upon such important points.

The judgment appealed from must be affirmed.